

DISTRICT COURT, DOUGLAS COUNTY COLORADO
Court Address:
4000 Justice Way, Castle Rock, CO 80109-7546
Phone (720)437-6200.

Plaintiff: JORGE LEONEL BAILON

v.

Defendant: THE KROGER CO.

**Plaintiff Pro Se**
Jorge Leonel Bailon
444 Black Feather Loop
Apt.104 Castle Rock CO 80104
Phone Number: (770)568-7654
E-mail: jorgel@yahoo.es

DATE FILED: April 17, 2020
CASE NUMBER: 2020CV27

EXHIBIT
B

▲   COURT USE ONLY   ▲

**Case Number:**

Div.:      Ctrm:

Jury Trial Demanded

---

## COMPLAINT AND JURY DEMAND

Plaintiff Jorge Leonel Bailon brings this action for discrimination in employment and retaliation for opposing that discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), and the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-401et.seq. and C.R.S. § 24-34-402(e), against his employer the Kroger Co. ("Defendant").

### JURISDICTION AND VENUE

1.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a) for the claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq, and under the doctrines of pendant and supplemental jurisdiction for Plaintiff's claims under the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-401-402(e)et.seq.

1

2.   The 18th Judicial District Court has personal jurisdiction over Defendant as the Defendant conducted substantial and continuous business within this District at all times relevant to this action.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as Defendant has stores, conducts business in and is located in the District Court . A substantial part of the events giving rise to these causes of action arose and occurred in the District of this Court. The Defendant has a subsidiary in the Colorado, King Soopers, a supermarket brand of Kroger in the Rocky Mountains.

## PROCEDURAL REQUIREMENTS

4.   Plaintiff has standing to bring this suit as she timely filed his administrative charges before the EEOC in Denver Field Office. First Charge was filed on February 25, 2019, Charge No.541-2019-00986, and second Charge was filed on October 1, 2019, Charge No.541-2019-02429. On January 23, 2020, the Plaintiff received his Right to Sue letters for both Charges, and filed this Complaint within the 90-day window thereafter. Jorge Leonel Bailon has therefore properly and timely exhausted all administrative remedies.

## PARTIES

5.   Jorge Leonel Bailon is an adult male resident residing in Castle Rock, Colorado.

6.   At all relevant times, Jorge Leonel Bailon is an employee of the Castle Rock King Soopers since July 22, 2016.

7.   Colorado King Soopers/City Market is a supermarket brand of Defendant (The Kroger Co.) in the Rocky Mountains of the United States.

8.   The Kroger Co. is a publicly-traded Ohio company with its principal place of business

at 1014 Vine Street, Cincinnati,  Ohio 45202. Upon information and belief ,   at all times relevant

to this action , Colorado King Soopers Stores conducted business in the jurisdiction.

## STATEMENTS OF CLAIMS

### I.    Employment Background.

9.    On July 22, 2016 , Plaintiff was hired by Defendant in the Castle Rock King Soopers,

as grocery nite/clerk.

10. In  the  hiring  process  interview ,  Plaintiff  stated that "he had 16 years' experience in

retail companies. He had 10 years of management experience . He had a Bachelor's Degree, and

he was studying to get a Master's Degree in Master Degree in Business Administration. He  wanted

to  grow  in  this  company,  and   he'll   accept  any  promotion  by  store management after his

probationary period. He can speak in English, Spanish and Russian too".

11.  The Plaintiff has an exceptional attendance during these years.

12. The Plaintiff is Latino or Hispanic, and he was born in Cuba.

### II.    Discrimination of Plaintiff's Condition of Employment(Starting Salary).

13. The  Plaintiff  stated  in  his   hiring   process  interview  that  he  had  experience in

retail companies, but he started with a salary as an employee without any employment experience.

14. On  two  occasions  more,  Defendant's  employees  received  a  salary increase, but the

Plaintiff didn't receive this increase.

### III.    Unfair Dismissal

15.  On  August  18, 2017, Plaintiff   was   fired  by  Grocery  Manager Michael Matheus

(American and White)without any justification.

16. On August 19,2017, Plaintiff attended a meeting, and without any investigation, an Assistant Manager told Plaintiff "Michael correctly fired you, and I was agreed with this act".

17. In this meeting, the Plaintiff accused Michael Matheus because he only was watching and following him during some months ago.

18. The Plaintiff was the only Latino employee in the grocery department, and he was the only Cuban in Defendant's store when these acts happened.

19. On August 24, 2017, the Plaintiff complained to Store Manager Holly Romero (American and Caucasian)because an Assistant Manager refused to investigate Michael's acts against Plaintiff.

20. The Plaintiff never was interviewed by Store Manager (highest store level), and he never received a response about this complaint up to the present.

**a) Adverse action for filing a complaint against Grocery Manager Michael Matheus.**

21. In December 2017, the grocery Manager reduced only Plaintiff schedules for the Christmas , despite in this season, grocery sales always increase, and these days, this store received big loads for this department.

22. In December 2017, the Plaintiff complained to the Defendant's Kroger Ethics Point related to the reduction of his schedules and denial Plaintiff's promotion, too.

23. The Plaintiff informed two managers that he received the full-time status after his probationary period , and they agreed with his statement.

**IV.    Hostile Work Environment Created Against Plaintiff by Defendant's Supervisor Nicki Lacrue (American and Caucasian)**

24. From July to October 2018, grocery Supervisor Nicki Lacrue committed harassment acts against Plaintiff and other foreign employees (Mexico and Russia).

25. In July 2018, this Supervisor yelled at Plaintiff a racist offense "No spic d'English". This act was reported to Supervisor Brent Hartgrove (American and White) by Plaintiff , and to Front End Supervisor Kevin by a customer.

26. In August 2018, Nicki Lacrue yelled racist joke at Plaintiff , "Are there schools in Cuba? I asked you this because somebody told me that the Cubans live in the forest like animals". This joke was reported to Supervisor Ryan Carter(American and White) by Plaintiff.

27. In August 2018, Nicki Lacrue yelled at Plaintiff racist offenses " You stocked like a Latino chicken, and put all merchandise in the wrong place. Next time, I'll fire you, brainless and stupid Cuban". These racist offenses were reported to Supervisor Ryan Carter by Plaintiff.

28. In August 2018, Nicki Lacrue yelled at Jose Francisco Chima Rodriguez(Mexican)and Plaintiff, "What a bad smell!!! This place smells like Mexican shit". These offenses were reported to a manager by Jose Francisco Chima Rodriguez.

29. On August 27, 2018, Nicki Lacrue yelled slurs at Plaintiff in front of American American employees in a department meeting. She humiliated Plaintiff without any justification.

30. All American employees disagreed with her slurs and her threat of dismissal against Plaintiff because he was doing an exceptional job, and he was complying with stocking procedures.

31. On August 27,2018, the Plaintiff reported Nicki's acts to the Kroger Ethics Point.

32. The Plaintiff was interviewed by two managers, and Plaintiff provided witnesses of Nicki's acts in this store, and another store against Mexican employees.

33. These witnesses never were interviewed by any manager, and Plaintiff never received a response on time.

5

34. Also, the Defendant District Office refused to investigate Nicki's acts. The HR Coordinator Nicole Bergin(American and White) never interviewed witnesses of her actions , despite in January 2019, Plaintiff interviewed by her (Nicole), and he provided witnesses.

**V.      Hostile Work Environment created by Defendant's Supervisor**.

35. Between July to October 2018, Grocery Supervisor Nicki Lacrue created a hostile work environment against foreign employees( Mexico, Russia, and Plaintiff).

35. Her continued daily hostility and unwelcome acts that disrupted foreign employees' performance included racial epithets, ethnic slurs, racist joke, shouting orders, offensive language(aggressive), workplace reprimands, and sabotaging employees work..

36. Grocery foreign employees from Russia (Alexander Pozniakov and Tatiana Krough) complained several times against her acts to grocery Manager Steven Greer(American and White).

37. This Manager (Steven) didn't adequately investigate their complaints or tried to stop her(Nicki) inappropriate behavior, and they never received a response up to the present.

38. Also, other Mexican maintenance employees complained against her to other Managers. Still, these Managers never investigated their reports, and she kept her position.

**VI.      Adverse action for filing a complaint against Supervisor Nicki Lacrue and Store Management by Grocery Department Manager Steven Greer.**

39. Between January 13 to 26, 2019 (two weeks), Steven Greer reduced Tatiana, Alexander, and Plaintiff 's schedules without any justification.

40. In January 2019, the Plaintiff complained to Kroger Ethics Point. He complained about schedules reduction, racist aggressions against Jose Luis Chima Mil, and also because the Plaintiff never received a response about his complaint against Nicki Lacrue dated August 2018.

6

**VII. Defendant's acts for covering harassment and retaliatory acts against Plaintiff.**

41. In January 2019, HR Coordinator interviewed Plaintiff. However, before any investigation, she justified this adverse action (reduction of his schedules), and she never investigated Plaintiff allegations.

42. The Plaintiff provided witnesses of Nicki's harassment acts (Alexander Pozniakov Tatiana Krough , Jose Luis Chima Mil, Javier Ramirez Lopez, Jose Francisco Chima Rodriguez, Porfirio Castañeda, and Martin Huntzinger). They never were interviewed by any store or district manager.

43. In this meeting, Nicole Bergin agreed with grocery Manager Steven Greer's false reasons for this adverse action(Seniority and business needs), and both levels never impartially investigated the Plaintiff's allegations.

**VIII. Adverse Action for Filing a Charge in the EEOC (Denver Field Office) and for Filing a Complaint against Steven Greer and Store Management by Grocery Manager Steven Greer.**

44. After Plaintiff filed the first Charge in the EEOC, a complaint against the grocery Manager for adverse action(schedules reduction) and Store Management for covering Nicki Lacrue's harassment acts, again Steven Greer reduced Plaintiff's schedules since February 24 to March 16, 2019.

45. The Plaintiff complained to the Kroger Ethics Points about Steven's adverse action.

46. District HR Coordinator Nicole Bergin justified Steven's act with the same "reasons." She never made any remedy for resolving this issue up to the present.

**VIII. Adverse Action for Participating in Protected Activity(witness) by Supervisor Arthur Tates (Afro-American).**

47. In February 2019, Alexander Pozniakov (Russia) sent a complaint to the Kroger

Ethics Point about harassment acts committed against Tatiana Krough , Plaintiff and him by Supervisor Arthur Tates.

48.   Before his complaint, Alexander complained several times to grocery  Manager Steven Greer, but he never performed an investigation about Arthur's acts.

49. The Plaintiff was a witness of Alexander's complaint, and he was interviewed by HR Coordinator, and he kept allegations against Arthur.

50. After her "investigation," on March 20, 2019, at 2:58 am, Supervisor Arthur Tates committed a workplace reprimand against  Plaintiff.  He humiliated  Plaintiff in front Kenneth E. Kinder.

### a)  Defendant's act for covering workplace reprimand against Plaintiff by Supervisor Arthur Tates.

51. The Plaintiff informed his workplace reprimand to the District Office. However, never any store manager or district manager investigated this act, and witness(Kenneth E. Kinder) never  was  interviewed.

## IX.   Adverse Actions(Excessive Surveillance) for Participating in Protected Activity by Grocery Supervisors Arthur Tates and Michael Anthony Zabala(American and Caucasian)

52. After  Plaintiff's  complaints  against Arthur Tates,   and  also  against  Michael Anthony Zabala both Supervisors increased their surveillance only against the Plaintiff.

53. Both supervisors didn't perform their supervisory duties for several months.

### a)  Defendant's act for covering adverse actions (excessive surveillance) by Supervisors Arthur Tates and Michael Anthony Zabala.

54. Between  January  2019  to  February  2020,   both  Supervisors  increased  its surveillance against Plaintiff.

8

55. The Plaintiff reported these acts to Store Manager Pamela S. Arceo and District Manager Paul Mondragon.

56. The Plaintiff provided all details by writing, also the Plaintiff complained to the Kroger Ethics Point, too, because these Managers never performed an investigation, and Plaintiff never received a response up to the present.

**X.    Hostile Work Environment Against Foreign Employees by Defendant's Manager, Supervisors, Employee and Customers (Racist Environment ).**

57. In August  2018,  a customer  (American and White)  committed  a racist aggression against Jose Luis Chima Mil (Mexican) by store restroom. He hit Jose, and yelled at him, "get away from me, piece of Mexican shit, stupid Latin, brainless, and go back to your dirty country."

58.  He reported this act to a manager with witnesses,  and Jose asked him to call the Police. This manager never called to the Police, and Jose never received a response.

59. This customer continues shopping in the store up to the present despite his aggression against Jose Luis Chima Mil.

60.  In August  2018,  employee  Zachary (American and  White) committed a racist aggression against Jose Luis Chima Mil. During this act, he yelled at  him  some racist  offenses "dirty Mexican, all Mexicans  are  criminals  and  thieves,  stupid wetback."

61. Jose informed Zachary's aggression to two Managers with all details, including witnesses, and Jose asked them to call the Police. But these Managers never performed an investigation , and they never called to the  Police,  and this employee continued working in this Store.

62. In December 2018, a King Soopers customer committed an aggression in the store parking lot, and also this customer yelled at Jose Luis Chima Mil some racist insults.

63. Jose informed this aggression to a Manager and Supervisor. But, again, they never called to the Police, and any investigation never was performed related to his complaint.

64. This customer continued shopping in the store, and even the store management hired him despite his aggression against Jose Luis Chima Mil.

65. During all December 2018, employee Sherri A. Milliron (American and Caucasian) spread false rumors among other co-workers about Alexander's sexual orientation. He reported her rumors to Grocery Manager Steven Greer verbally and written.

66. Never any manager performed any investigation about these acts, and Alexander never was interviewed related to his complaints up to the present.

67. Between July to October 2018, grocery Supervisor Nicki Lacrue committed many daily hostility acts Tatiana Krough and Alexander Pozniakov in front of other foreign employees.

68. Between December 2018 to January 2019, grocery Supervisor Arthur Tates committed many daily hostility acts against Tatiana Krough and Alexander Pozniakov in front of other foreign employees.

69. Arthur Tates prohibited them from going to the bathroom outside their breaks and from speaking in Russian with Plaintiff and told them. "if you violate my order, I'll fire you."

70. Alex and Tatiana complained to grocery Manager Steven Greer. However, he never performed an investigation about their complaints against Arthur Tates.

71. In 2019, Alexander Pozniakov complained to the Kroger Ethics Point, but he never was interviewed related to these acts up to the present.

72. Between July to October 2018, Grocery Supervisor Nicki Lacrue committed

many harassment acts against Jose Francisco Chima Rodriguez(Mexican).

73.   She called him "wetback" on several occasions in front of foreign employees. Always she was sabotaging Jose's work because she interfered with his cleaning tasks in Line 18 of the grocery Department.

74.   This employee reported her acts to a Manager, but he never performed an investigation, and Jose never received a response up to the present.

75. In December 2018, grocery employee Michael Anthony Zabala yelled racist comment at maintenance employees and a vendor "In this Store, you must speak only in English, do you understand me?, only in English!!!.

76. These employees reported his act to a Manager with all details. But they never received a response, and after his act, Michael Anthony Zabala was promoted by store management to a Supervisor position in 2019.

77. The Plaintiff reported his racist act to the Kroger Ethics Point, and Plaintiff provided witnesses to Nicole Bergin. However, never any store or district manager interviewed witnesses of his act, and Michael kept his position up to February 2020.

78. In May 2019, grocery Manager Steven Greer committed aggression against employee Javier Ramirez Lopez. During this act, Steven yelled at him some racist slurs "get away stupid  Mexican immigrant!, you don't have any right in this country because you are illegal wetback", and other racial insults.

79.  Javier and Isabel Bayman(Colombia) reported his aggression to Store Manager Pamela  S. Arceo, but she never performed an impartial investigation related to this act.

11

80. Unfortunately, never store management took a correct disciplinary action of employment termination against Steven for this unacceptable racist act.

81. The Plaintiff reported Steven's aggression to the Kroger Ethics Point. However, the Plaintiff never was interviewed related to his complaint, and the grocery Manager Steven continued to work in the same position.

82. On several occasions, employee Isabel Bayman has been discriminated , and when she reported these acts, store management never performed an impartial investigation.

a) **Defendant's Acts For Covering Hostile Work Environment Against Foreign Employees In The King Soopers Store.**

83. Store managers , district managers, and the highest company level (Kroger Ethics Point) never performed impartial investigations about all acts reported by foreign employees and the Plaintiff up to the present.

84. Even, the Defendant provided false information to EEOC for covering managers, supervisors, employees, and customers responsible for these acts mentioned above against foreign employees.

XII. **Defendant Fostered Race and National Origin Discrimination Against Plaintiff's Full Time Status Position**

85. In 2016, after the probationary period, Plaintiff received a full-time position.

86.Since this date up to the present, Plaintiff has received benefits that only have the full-time employees in this company.

87. At the end of 2017, the Plaintiff complained about this issue, and two managers agreed with Plaintiff's assertion mentioned above.

88. At the beginning of 2019, the Plaintiff made the same statement to HR Nicole Bergin. However, she never investigated his assertion, and she never took any action for resolving this issue, or made any remedy against this inconvenience up to the present.

89. Store management and district office have never tried to resolve this issue.

90. Other grocery employees with less seniority and fewer job performance that Plaintiff were promoted to the full-time positions because store management offered them full-time positions.

91. In this company, the grocery Manager makes schedules under two principles: seniority and business needs. But never the system makes any schedule for any hourly employees.

## XIII.   Defendant  Fostered Race and National Origin Discrimination Against Plaintiff Promotion Right.

92. In the hiring process (interview), the Plaintiff stated his interest in growing in this company.

93. Between 2016 to 2019 , the Plaintiff informed his interest in any promotion to Defendant's Managers on several occasions.

94. Between July 2016 to the present, the Plaintiff has an exceptional job performance(hard working) according to his managers, supervisors, co-workers and customers, even he has the best results in the Grocery Productivity Tracker among all grocery employees during these years.

95. The Plaintiff complained to his right to be promoted, but he never received a response up to the present.

96. Between  January 2017  up to the present,  the  Defendant has offered, permitted to apply, and promoted some employees for higher positions(Grocery Manager, Supervisors, and

CAO) in the grocery department. However, these employees had fewer job performance, less seniority in this department , less management experience, less education level, and less contributions for increasing company sales than Plaintiff.

97. These employees mentioned above are: Grocery Managers Michael Matheus, Harrison, Steven Greer, David Harder, and Salvatore Mazzara (American and Caucasian); grocery Supervisors Mark S. Wilber (American and White)Arthur Tates, Michael Anthony Zabala , Robert Sandoval(American and Caucasian) and Keith C. (American and White) and CAO (Computer Assistant Ordering) Dillon Beaullieu(American and White) and Jorge A. OrtizdeJesus (American and Caucasian). The Plaintiff has more qualified for these positions than these employees.

98. On some occasions, the Plaintiff informed to Defendant's mangers about his education level, but the Defendant never wanted to update this information up to the present.

99. The Plaintiff has sent three projects to the Defendant Company President (Real Genius, Great Job, and Common Sense) with ideas for increasing store sales.

100. On September 13, 2017, Defendant performed an invalid evaluation.

101. After this first invalid evaluation, never any grocery Manager evaluated Plaintiff until August 11, 2019. The employee's evaluation should be performed at least once a year. However, Plaintiff wasn't evaluated almost two years(a year, ten months, and 11 days).

102.During this period (09/14/2017-08/10/2019), he was doing more than an excellent job. After all, Plaintiff was stocking by himself three lines in the grocery Department (Lines 16,18,20), and even up to the present, nobody has done his same extraordinary job.

103. During this period, store management offered and promoted some employees without requirements for higher positions . Even, an employee was promoted with criminal record.

14

104. The Plaintiff didn't have any right to grow in the store up to the present, despite he was over-qualified for higher positions.

105. On August 11, 2019, again, Robert J. Whalen evaluated Plaintiff, but this was another invalid and unfair evaluation. During this evaluation, the Plaintiff stated that he started to study in Ph.D. Program Business administration online.

106. On August 22, 2019, the Plaintiff complained against this evaluation . However, the Plaintiff never was interviewed about this complaint, and he never received a response up to the present related to his evaluation review requested.

107. Store management has violated promotion company procedures in favor other American employees that speak in fluently English.

108. Store management never took any action to mitigate this evident discrimination even though some higher positions were open. The Defendant never offered Plaintiff any higher position up to the present.

109. On December 2, 2019, the Plaintiff informed Defendant's manager about his interest in a higher position.

110. At the end of December 2019, Robert Sandoval , and in February 2020, Keith C., were promoted for the grocery Supervisor positions.

**XIV. Other Defendant's Adverse Actions Against Plaintiff For Filing a Charge in the EEOC (Second Charge) and for Complaining against Grocery Manager David Harder(American and White).**

111. The Defendant's Managers knew that Plaintiff filed two EEOC Charges.

112. On December 30, 2019, the Plaintiff complained against grocery Manager David Harder because he gave him an unfair order. He was interviewed by HR district Coordinator.

113. On January 9, 2020, Grocery Manager David Harder applied a disciplinary action(suspension without pay) against Plaintiff despite he had a medical problem for his absence, and previously Plaintiff had excused with grocery Manager. Also, his action was extemporary.

114. The Plaintiff complained to the Kroger Ethics Point against his(David)adverse action. And, also he informed to district office.

115. On February 4, 2020, two managers transferred the Plaintiff to a less desirable position without his consent. Because Plaintiff worked under cold conditions, he suffered an Asthma attack that he never has suffered before in his life.

116.These managers violated company transfer procedures for employees. Also, this unfair transfer was in favor of employee Brandon Hatchel (American and White). Brandon and some grocery employees : Scott Salter, Darian C. Whatley and Jeffry Heine have less seniority and fewer job performance than Plaintiff.

117. The Plaintiff reported this unfair transfer to store management.

118 .After the Plaintiff received a medical bill from compensation health care provider, he went to Store to give this bill, but a manager told him, "you must pay this bill."

119. After the first Plaintiff complaint in 2017, store management has made Plaintiff's work more difficult (punishing by purposefully changing his work schedule to conflict with his family responsibilities and his health care attention ).

120. On February 2020, grocery Manager David Harder reprimanded Plaintiff because he can't stay a day after his scheduled shift.

### XV.    Other Defendant's Violations of Workplace Investigation Standards

121.The Defendant made many "mistakes" in complaints (failure to investigate; delays

to investigate promptly; never verified complainant information; never interviewed   witnesses provided  by  the  complainant;  they  gave  false information to a state agency; ethical violations; never did any follow-up meetings, and delays to give a response to complainant up to present).

122. The Defendant made these "mistakes"  because its investigators always tried to cover the managers, supervisors, employees, and customers that committed these acts mentioned above against the Plaintiff and other foreign employees.

### XVI.   Discrimination Against two Hispanic Employment Applicants to Defendant's Store.

123.Two  potential  new Latino women employees  tried  to  apply  for a new jobs in the Defendant's store, but two managers and a Supervisor prohibited them to apply because they did not speak English.

### XVII.  Posible Class Action against Defendant

124. Other  foreign  employees  can  join  to  this  civil  action because they were discriminated for years , too.

### CLAIM I
### ( Hostile Work Environment Against Foreign Employees and Plaintiff  under Title VII and the CADA)

125. Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

126. Through the above-described conduct, Managers ,Supervisors, hourly employees and some customers intentionally created hostile work environment against foreign employees and Plaintiff for years, and these racist acts are prohibited under Title VII and the Colorado Anti-Discrimination Act  (CADA).

127.Plaintiff  filed  a  timely  charge  against  this  hostile work environment with

17

the EEOC because Defendant did not adequately investigate or remedy the offensive behavior up to the present, and he had received notification of her right to sue from the EEOC. He had therefore exhausted all administrative remedies under Title VII and the CADA.

## CLAIM II
### (Race and National Origin Discrimination under Title VII and the CADA)

128. The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

129. Through the above-described conduct, the Defendant intentionally violated foreign employees and Plaintiff's right to be free from race and national origin discrimination in employment under Title VII and the Colorado Anti-Discrimination Act(CADA.

130. The Plaintiff filed a timely charge against the Defendant for refusing Plaintiff promotion (failure to promote) in the EEOC because Defendant did not adequately investigate or remedy this racist behavior up to the present, and he had received notification of his right to sue from the EEOC.

## CLAIM III
### (Retaliation under Title VII and the CADA)

131. The foregoing paragraphs are incorporated by reference.

132. As described, the Plaintiff engaged in the protected activities in opposing Defendant's discriminatory acts made unlawful by Title VII and the CADA by reporting the highest company level, District Office, and Store Management on several occasions. On three occasions(schedule reductions), the Defendant forced Plaintiff to resign "forced resignation" in violation under Title VII and the CADA. The Defendant took the above-described adverse actions and other retaliatory acts (excessive surveillance for years, unfair evaluations, an unfair disciplinary action, workplace reprimands, unstable schedules for years, unfair and discriminatory

18

transfer) against him by subjecting him to retaliation.

133. Defendant never gave any excuse or took any remedy for stopping these acts up to present.

## CLAIM IV
### (Refusing to any Remedy to Stop and to Avoid Discriminatory practices under Title VII and the CADA)

134. The foregoing paragraphs are incorporated by reference.

135. The Defendant never has accepted that any Managers , Supervisors, employees, and customers committed any prohibited acts against foreign employees and Plaintiff, and its attitude with malice and reckless indifference shows its cooperation with these prohibited acts : hostile work environment , failure to Plaintiff promotion, and retaliatory acts.

136. The Defendant in bad faith has done partial and incomplete investigations for covering their Managers and Supervisors that committed these acts, even some of them have promoted for higher positions in reward for their "acts".

137. Defendant always has refused to do any remedy for mitigation discrimination against Plaintiff : offer any higher position, and to enter the full time position in the system that Plaintiff received by former Store Manager.

138. The Defendant in bad faith has violated company procedures, policies, and common law for covering these prohibited acts mentioned above up to the present.

   **WHEREFORE**, Plaintiff seeks the following relief:

A.  A declaratory judgment that the practices complained of herein are unlawful under Title VII and the CADA;

B.  Compensatory, liquidated and punitive damages to the fullest extent permitted

19

under the law;

C.  Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life to the fullest extent permitted under the law;

D.  Back pay, front pay and other damages in the form of lost wages, lost or reduced benefits, and prejudgment interest to the fullest extent permitted under the law;

E.  Compensatory damages for loss of career development caused to the Plaintiff to the fullest extent permitted under the law;

F.  Litigation costs, expenses, and Court's fees to the fullest extent permitted under the law; and

G.  Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial as to all claims so triable.

Date: April 16, 2020.

.

_Jorge Leonel Bailon_
Jorge Leonel Bailon
Plaintiff Pro Se
444 Black Feather Loop
Apt. 104
Castle Rock, CO 80104
Phone (770)568-7654
Email: jorgelbk@yahoo.es

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 16th day of April, the foregoing document was send to Hamilton Sheriff Office in Cincinnati for the Service Process to Defendant Corporative Office, and placed in the United States Mail, postage prepaid, and addressed to the following:

Hamilton County Sheriff's Office
Court Services Division
1000 Main St. Room 260
Cincinnati, OH 45202

Jorge Leonel Bailon
Plaintiff Pro Se
444 Black Feather Loop
Apt. 104
Castle Rock, CO 80104
Phone (770)568-7654
Email: jorgelbk@yahoo.es

21

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Jorge L. Bailon<br>438 Black Feather Loop Apt. 11<br>Castle Rock, CO 80104 | From: | Denver Field Office<br>303 East 17th Avenue<br>Suite 410<br>Denver, CO 80203 |
|---|---|---|---|

FILED
IN THE COMBINED COURTS
DOUGLAS COUNTY, CO
APR 17 2020
Cheryl A. Layne
CLERK OF THE COMBINED COURTS

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2019-00986 | Philip Gross,<br>Supervisory Investigator | (303) 866-1318 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*signature* JAN 23 2020

**Amy Burkholder,**
**Field Office Director**

*(Date Mailed)*

Enclosures(s)

cc: Fred Woodward
Respondent Contact
KING SOOPERS
PO Box 5567 TA
Denver, CO 80217

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  Jorge L. Bailon
     438 Black Feather Loop
     Apt. 11
     Castle Rock, CO 80104

From:  Denver Field Office
       303 East 17th Avenue
       Suite 410
       Denver, CO 80203

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 541-2019-02429 | **Philip Gross,**<br>**Supervisory Investigator** | **(303) 866-1318** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[X]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Amy Burkholder,
**Field Office Director**

JAN 2 3 2020
*(Date Mailed)*

Enclosures(s)

cc:
Nicole Bergin
HR Director
KING SOOPERS
P.O. Box 5567 Ta
Denver, CO 80217

Fred Woodward
KING SOOPERS
Po Box 5567 Ta
Denver, CO 80217

| District Court, <u>Douglas</u> County, Colorado<br>Court Address:<br>    4000 Justice Way, Suite 2009<br>    Castle Rock, CO 8019 | DATE FILED: April 21, 2020 1:40 PM<br>CASE NUMBER: 2020CV27 |
|---|---|
| Plaintiff<br>    JORGE LEONEL BAILON<br>v.<br><br>Defendant<br>    THE KROGER CO. | ▲   COURT USE ONLY   ▲<br><br>Case Number:<br><br>Division:    Courtroom: |

### DISTRICT COURT CIVIL SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**   THE KROGER CO.

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: _____

Clerk of Court/Clerk

*Xepse*
Signature of Plaintiff

444 Black Feather Loop Apt. 104
Address of Plaintiff

Castle Rock , CO 80104

(770) 568-7654
Plaintiff's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files the case more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

*TO THE CLERK:* If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600   R10-13   DISTRICT COURT CIVIL SUMMONS

District Court  <u>Douglas</u>_____ County, Colorado
Court Address: 4000 Justice Way , Suite 2009
Castle Rock , CO 8019

DATE FILED: April 21, 2020 1:46 PM
CASE NUMBER: 2020CV27

Plaintiff(s):  <u>JORGE LEONEL BAILON</u>

v.

**COURT USE ONLY**

▲                    ▲

Case Number:

Defendant(s):  <u>THE KROGER CO.</u>

Division:          Courtroom:

## NOTICE AND ORDER TO FILE JDF 601 DISTRICT COURT CIVIL CASE COVER SHEET

To (include name and address of pro se party or attorney filing complaint, counterclaim, cross-claim, or third party complaint):

JORGE LEONEL BAILON

444 Black Feather Loop Apt. 104

Castle Rock, CO 80104

The initial pleading of complaint, counterclaim, cross-claim, or third party complaint filed on _____ (date) did not include the District Court Civil Case Cover Sheet (JDF 601), required to accompany this pleading pursuant to C.R.C.P. 16.1(b)(3).

The party or attorney for the party filing this pleading must complete and file form JDF 601 within 7 days of the date of this Notice.  If it is not filed by the deadline, the Court may impose sanctions, including striking this pleading.

_____
Clerk

---

## CERTIFICATE OF MAILING

I certify that on _____(date), I mailed or dispatched electronically this *NOTICE AND ORDER TO FILE JDF 601 DISTRICT COURT CIVIL CASE COVER SHEET* to the following:

☒Pro Se Party Filing Pleading (mailing)
☐Attorney Filing Pleading (mailing or electronically)

_____
Clerk

☐**FORM 1.2. DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT AND JURY DEMAND**

| | |
|---|---|
| District Court ___Douglas___ County, Colorado<br>Court Address: 4000 Justice Way Castle Rock CO 80109-7546<br>Phone (720) 437-6200.<br><br>Plaintiff(s):   JORGE LEONEL BAILON<br>v.<br>Defendant(s): THE KROGER CO. | ▲ COURT USE ONLY ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Jorge Leonel Bailon<br>Phone Number: (770)568-7654    E-mail: jorgelbk@yahoo.es<br>FAX Number:                              Atty. Reg. #: | Case Number: |

**DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT,**
**COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT**
**AND JURY DEMAND**

1.  This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2.  Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

    ☐  This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

    ☒  This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

    By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

    **Or**

⊔   Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3.  ⊠  This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

**Date:** _____          _____
                                  **Signature of Party or Attorney for Party**

**NOTICE**
This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

| District Court, __Douglas__ County, Colorado | DATE FILED: April 21, 2020 1:53 PM |
|---|---|
| Court Address: 4000 Justice Way, Suite 2009 Castle Rock, CO 8019 | DATE FILED: April 21, 2020 1:40 PM CASE NUMBER: 2020CV27 |
| Plaintiff JORGE LEONEL BAILON v. | |
| | ▲ COURT USE ONLY ▲ |
| Defendant THE KROGER CO. | Case Number: |
| | Division: Courtroom: |
| **DISTRICT COURT CIVIL SUMMONS** | |

**TO THE ABOVE NAMED DEFENDANT:** __THE KROGER CO.__

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: __4/21/20__

Clerk of Court/Clerk

Signature of Plaintiff

__444 Black Feather Loop Apt. 104__
Address of Plaintiff

__Castle Rock , CO 80104__

__(770) 568-7654__
Plaintiff's Phone Number

**This Summons is issued pursuant to Rule 4, C.R.C.P., as amended. A copy of the Complaint must be served with this Summons. This form should not be used where service by publication is desired.**

**WARNING:** A valid summons may be issued by a lawyer and it need not contain a court case number, the signature of a court officer, or a court seal. The plaintiff has 14 days from the date this summons was served on you to file the case with the court. You are responsible for contacting the court to find out whether the case has been filed and obtain the case number. If the plaintiff files the case within this time, then you must respond as explained in this summons. If the plaintiff files more than 14 days after the date the summons was served on you, the case may be dismissed upon motion and you may be entitled to seek attorney's fees from the plaintiff.

*TO THE CLERK:* If the summons is issued by the clerk of the court, the signature block for the clerk or deputy should be provided by stamp, or typewriter, in the space to the left of the attorney's name.

JDF 600 R10-13 DISTRICT COURT CIVIL SUMMONS

DISTRICT COURT
Douglas Combined Courts
4000 Justice Way Suite 2009
Castle Rock CO 80109
720-437-6200

DATE FILED: April 21, 2020 2:03 PM
CASE NUMBER: 2020CV27

- COURT USE ONLY -

Plaintiff: Jorge Leonel Bailon

v.

Defendant: The Kroger Co

Case Number: 20CV27
Division: 5

**DELAY REDUCTION ORDER (FOR CASES FILED ON OR AFTER JULY 1, 2015)**

This Court is on a delay reduction docket.

A.    For all civil actions, the following deadlines must be met:

    1.    Service of Process: Returns of service on all defendants shall be filed within 63 days after the date of the filing of the complaint.

    2.    Default Judgment: Application for default judgment shall be filed within 35 days after default has occurred.

    3.    Trial Setting:

        a.    For actions governed by C.R.C.P. 16, the trial shall be set at the case management conference. Pursuant to C.R.C.P. 16(d)(1), the case management conference shall be held no later than 49 days after the case is at issue. The responsible attorney shall file and serve a notice to set the case management conference no later than 7 days after the case is at issue. The proposed case management order is due no later than 7 days prior to the conference.

            i.    "The responsible attorney" shall mean plaintiff s counsel, if the plaintiff is represented by counsel, or if not, the defense counsel who first enters an appearance in the case.

            ii.    A case shall be deemed at issue when all parties have been served and all pleadings permitted by C.R.C.P. 7 have been filed or defaults or dismissals have been entered against all non-appearing parties, or at such other time as the Court may direct.

        b.    For actions governed by Simplified Procedure under C.R.C.P. 16.1, the responsible attorney shall set the case for trial pursuant to C.R.C.P. 121, 1-6 no later than 42 days after the case is at issue, unless otherwise ordered by the Court.

      1.   "The responsible attorney" shall mean plaintiff s counsel, if the plaintiff is represented by counsel, or if not, the defense counsel who first enters an appearance in the case.

      11.  A case shall be deemed at issue when all parties have been served and all pleadings permitted by C.R.C.P. 7 have been filed or defaults or dismissal have been entered against all non-appearing parties, or at such other time as the Court may direct.

B.     A District Court Civil Cover Sheet (JDF 601) shall be filed with all civil complaints.

C.     Plaintiff shall send a copy of this Order to all other parties who enter an appearance and shall file a certificate of mailing within 14 days following the entry of appearance.

D.     Any attorney entering an appearance in this case who is aware of a related case is ordered to complete and file in this case a document entitled "Information Regarding Case(s)" informing the Court of the related case(s) and stating whether consolidation is appropriate.

E.     If an attorney or pro se party fails to comply with this Order, the Court may dismiss the case without prejudice.


April 21, 2020


BY THE COURT:


Presiding Judge Douglas County

DATE FILED: May 18, 2020
CASE NUMBER: 2020CV27

# AFFIDAVIT OF PROOF OF SERVICE

STATE OF OHIO

*20CV27*

HAMILTON COUNTY

I Deputy Mason, being first duly sworn, deposes and says I received this writ on 4/30/2020 and on 5/1/2020 at 9:25:00 AM I served the within named Defendant THE KROGER COMPANY by delivering and leaving a true copy of the Summons and Complaint, personally with Shadie Stern at 1014 VINE STREET, Hamilton County, Ohio

At the same time of service I was duly authorized and acting Deputy Sheriff of Hamilton County, Ohio and over twenty-one years of age and not a party to this action

JIM NEIL, SHERIFF
HAMILTON COUNTY, OHIO

Mason
Deputy Sheriff
Hamilton County, Ohio

Sworn to and subscribed in my presence this day Monday, May 4 2020

Notary Public, State of Ohio

BRIANNA BERNIUS
Notary Public, State of Ohio
My Commission Expires
April 6, 2024

2020 MAY 18 PM 4: 18

FILED IN THE
COMBINED COURT
DOUGLAS COUNTY, CO